THOMAS *vs.* DOCKINS, ADMINISTRATOR, AND *vice versa.*

EQUITY, FROM RABUN. Rabun County. Deeds. Equity. Mistakes. New Trial. Practice in Superior Court. (Before Judge Estes.)

Jackson. C. J.—1. Rabun County was laid off originally from an acquisition of territory from the Cherokee Indians, by act of the General Assembly, passed December 16, 1819, and was organized in the same year. In 1828, a part of Habersham was cut off from that county and added to Rabun, in which was included lot 110 of the 13th District of formerly Habersham county:

Held, that a levy which described the land levied on as lot No. 110 of originally Habersham, now Rabun county, meant No. 110 of that part which was cut off from originally Habersham and added to Rabun county, and such levy was not void for uncertainty. Acts 1819, pp. 23, 112; Id. 128, p. 58.

2. Where such a levy was made by a constable and turned over to the sheriff, but the latter, by mistake, described the land in the advertisement and deed as being lot No. 110 of the 5th District of Rabun county, and where the defendant in fi. fa. was present at the sale, and with his knowledge, the purchaser, who was the plaintiff in fi fa., and those holding under him had been in possession for twelve or fourteen years, equity would correct the mistake in the deed, on a bill filed against the defendant in fi fa. by the holders of the property. Code §§ 3117, 3118, 3119; Rorer Jud. Sales, 920; 28 Ark., 372.

3. Where a movant for a new trial was allowed until the first Tuesday of the next term of Court after the trial to file a brief of evidence, but the Judge who tried the case was not present at that time, and the motion was continued until the next term and the brief of the evidence was then approved, there was no error in refusing, on motion, to dismiss the motion for new trial, and in hearing it on its merits.

Judgment affirmed.

Crane & Jones; C. H. Sutton, for Thomas.
Barrow & Erwin; W. L. Marler, contra.